UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACI WORLDWIDE CORP., <br><br> Plaintiff, <br><br> v. <br><br> KEYBANK NATIONAL ASSOCIATION, <br><br> Defendant. | CIVIL ACTION NO: |

## COMPLAINT

ACI Worldwide Corp. brings this action for breach of contract against KeyBank National Association, and for its complaint states as follows:

## PARTIES

1. ACI Worldwide Corp. ("ACI") is a corporation organized under the laws of the State of Nebraska with a principal place of business at 6060 Coventry Drive, Elkhorn, Nebraska 68022.

2. On information and belief, KeyBank National Association ("KeyBank") is a national banking association organized under the laws of the United States of America with a principal place of business at 4900 Tiedeman Road, Society National Bank, Brooklyn, Ohio 44114.

## JURISDICTION

3. The United States District Court for the District of Massachusetts has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because this action is between entities whose principal places of operation are in different states, and the amount in controversy exceeds

$75,000, exclusive of costs and interest. For purposes of diversity jurisdiction, KeyBank is deemed a citizen of the State of Ohio.

4. The United States District Court for the District of Massachusetts has personal jurisdiction over KeyBank because KeyBank is a National Association that transacts a substantial amount of business in the Commonwealth of Massachusetts.

5. Jurisdiction over the KeyBank is proper under the Massachusetts long-arm statute, Mass. Gen. L. ch. 223A §3.

## VENUE

6. Venue is proper in the United States District Court for the District of Massachusetts because:

    i. ACI is registered to do business in the Commonwealth of Massachusetts;

    ii. KeyBank is a National Banking Association with branch offices in the Commonwealth of Massachusetts in Chicopee, East Longmeadow, Feeding Hills, Holyoke, Ludlow, Southwick, Westfield, and West Springfield; and

    iii. One of the contracts at issue in this complaint, the "ACI Application Services Master Agreement No. D-212", was entered into in Massachusetts by ACI's predecessor-in-interest ACI Worldwide (MA), Inc. and KeyBank's predecessor-in-interest First Niagara Bank.

## FACTS

7. On December 29, 2000, ACI's predecessor-in-interest Software Dynamics Inc. entered into the "Software Support and Maintenance Agreement" with KeyBank's predecessor-in-interest First Niagara Financial Group. The contract was amended on May 1, 2009.

8. On December 21, 2001, KeyBank's predecessor-in-interest First Niagara Financial Group entered into the "Internet Banking System Licensing and Web Technologies Agreement (Data Center)" (hereinafter, "Data Center Agreement") with ACI's predecessor-in-interest S1, Inc. The agreement was extended on April 30, 2009 and amended on June 18, 2009.

9. On March 31, 2009, ACI's predecessor-in-interest ACI Worldwide (MA), Inc. and First Niagara Financial Group entered into the "ACI Application Services Master Agreement No. D-212" (hereinafter, "Master Agreement"). The Master Agreement was amended by First Niagara Financial Group and ACI on December 19, 2011 and September 30, 2014.

10. By virtue of the Data Center Agreement and the Master Agreement, First Niagara Financial Group was able to offer online banking to its customers.

11. The Data Center Agreement was amended on March 21, 2016 by S1 Inc.'s successor-in-interest ACI and First Niagara Financial Group ("Data Center Amendment").

12. The Data Center Amendment states a second renewal term of sixty (60) months commencing on March 21, 2016 and continuing through and including March 20, 2021 ("Second Renewal Term").

13. The Data Center Amendment requires First Niagara Financial Group to pay a "Subscription and Hosting Fee" in the amount of $295,833.00 per month during the Second Renewal Term.

14. The Data Center Amendment further states:

> If at any time prior to the expiration of the Second Renewal Term, Customer has paid a minimum cumulative amount of $17,750,000 under this Amendment (the "Minimum Commitment"), then Customer may terminate the Agreement prior to such expiration upon written notice to ACI, such notice to specify the effective termination date. For avoidance of doubt, Customer agrees to pay the Minimum Commitment to ACI during the Second Renewal Term and all Monthly Subscription and Hosting Fees shall be applied against the Minimum Commitment.

15. KeyBank acquired First Niagara Financial Group on August 1, 2016, and decided to discontinue online banking services. KeyBank requested ACI's assistance in decommissioning First Niagara Financial Group's online systems known as Online Banker, Enterprise Banker, PRM, and Universal Online Banker. ACI provided that assistance.

16. Once the systems were decommissioned, KeyBank intentionally breached the Data Center Amendment, the Master Agreement, and Addendum 54 to Schedule 01 of the Master Agreement, the agreements pursuant to which First Niagara Financial Group was able to provide online banking services. Despite the unequivocal contractual obligations, KeyBank has refused to honor the agreements.

17. At the time of the repudiations, ACI had been paid $2,662,497 of the $17,750,000 Minimum Commitment under the Data Center Agreement and Data Center Amendment.

18. Under the Master Agreement as amended and extended, First Niagara Financial Group's successor-in-interest KeyBank remains contractually obligated to pay ACI $384,132 in monthly subscription fees until and including October 31, 2019. During the sixty-two (62) month term of the Master Agreement, ACI was to have been paid $23,816,184. At the time of KeyBank's repudiations, ACI had been paid $10,755,696.

19. At the time of KeyBank's breach and repudiation, ACI had provided professional services pursuant to Addendum 54 to Schedule 01 of the Master Agreement, and had billed $436,000 for these services. KeyBank refuses to pay these fees.

## COUNT I
### (Breach of Contract: Data Center Agreement)

20. ACI incorporates by reference the allegations of paragraphs 1 through 19 of this Complaint.

21. KeyBank acquired First Niagara Financial Group, and with that acquisition assumed the contractual obligations to ACI under the Data Center Agreement as amended and extended.

22. On October 31, 2016, KeyBank repudiated the Data Center Agreement.

23. By virtue of that breach of contract, KeyBank is liable to ACI in the amount of $15,087,483, plus interest.

## COUNT II
### (Breach of Contract: Master Agreement)

24. ACI incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint.

25. KeyBank acquired First Niagara Financial Group, and with that acquisition assumed the contractual obligations to ACI under the Master Agreement as amended and extended.

26. On October 31, 2016, KeyBank repudiated the Master Agreement. By virtue of that repudiation, all amounts that would have been due under that agreement are immediately due and owing.

27. By virtue of KeyBank's breach of contract, KeyBank is liable to ACI in the amount $13,060,488, plus interest.

## COUNT III
### (Breach of Contract: Addendum 54)

28. ACI incorporates by reference the allegations of paragraphs 1 through 27 of this Complaint.

29. KeyBank acquired First Niagara Financial Group, and with that acquisition assumed the bank's contractual obligations under Addendum 54 to Schedule 01 of the Master Agreement.

30. On October 31, 2016, KeyBank repudiated Addendum 54 to Schedule 01 of the Master Agreement.

31. By the time of KeyBank's repudiation, ACI had performed services under Addendum 54 to Schedule 01 of the Master Agreement in compliance with its contractual obligations.

32. ACI billed KeyBank $437,812 for its professional services.

33. KeyBank refuses to pay for the services rendered.

34. KeyBank owes ACI $437,812 for professional services rendered pursuant to Addendum 54 to Schedule 01 of the Master Agreement, plus interest.

WHEREFORE, ACI Worldwide Corp. respectfully requests that this Court:

A. Enter judgment in ACI's favor on all counts of this Complaint;

B. Award ACI costs and attorneys' fees; and

C. Grant ACI such other and further relief as the Court deems just and proper.

Respectfully submitted:

ACI WORLDWIDE CORP.,

By its attorney,

_____
Kevin T. Peters (BBO #550522)
ARROWOOD PETERS LLP
10 Post Office Square,
  7th Floor South
Boston, Massachusetts  02109
telephone: 617-849-6211

April 19, 2017